**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YOKE HON TENG, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HANAYA OMAKASE INC. d/b/a HANAYA OMAKASE, 332 SUSHI KAI LLC d/b/a SUSHI KAI EAST VILLAGE, 11 SUSHI KAI INC. d/b/a SUSHI KAI WEST VILLAGE, YOU SI CHEN, and YOU SHENG CHEN,<br><br>Defendants. | Case No.: 26-cv-8004<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Yoke Hon Teng ("Teng"), by and through his attorneys, Faruqi & Faruqi, LLP, and on behalf of himself and others similarly situated, hereby alleges as follows against Defendants Hanaya Omakase Inc. d/b/a Hanaya Omakase ("Hanaya Omakase"), 332 Sushi Kai LLC d/b/a Sushi Kai East Village ("Sushi Kai East Village"), 11 Sushi Kai Inc. d/b/a Sushi Kai West Village ("Sushi Kai West Village") (collectively, "Corporate Defendants"), You Sheng Chen, and You Si Chen ("Individual Defendants," and together with Corporate Defendants, "Defendants"):

## NATURE OF THE CLAIMS

1. Individual Defendants own and operate multiple restaurants in New York, New York, doing business under the names, "Hanaya Omakase," "Sushi Kai West Village," and "Sushi Kai East Village."

2. Throughout the relevant time period, Defendants engaged in a willful and deliberate policy and practice of routinely compensating Plaintiff and other similarly situated Back-of-House Employees (defined *infra* at ¶ 48) at rates well below the applicable State minimum wage rates, and never paying overtime compensation or spread of hours pay (defined *infra* at ¶ 62) as required

by law.

3. Specifically, throughout the relevant time period, Defendants routinely paid Back-of-House Employees below the applicable State minimum wage rates, and never paid overtime wages or spread of hours pay, and instead only compensated them, in cash or through Zelle payments, at a fixed rate per workweek, regardless of the hours worked.

4. Defendants never furnished Back-of-House Employees with any Notices of Pay Rate or accurate wage statements, as required by the New York Labor Laws ("NYLL").

5. Plaintiff's claims against Defendants to redress these wrongs are brought, in part, under the Fair Labor Standards Act ("FLSA") as a collective action, pursuant to 29 U.S.C. § 216(b), and applicable regulations thereunder, on behalf of himself and all other similarly situated Plaintiffs employed by Defendants at any time during the full statute of limitations period.

6. Plaintiff's claims are also brought, in part, under the NYLL, and applicable regulations thereunder, as a class action, pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself and all other similarly situated Back-of-House Employees employed by Defendants at any time during the full statute of limitations period.

7. Plaintiff also brings claims individually under the NYLL.

## JURISDICTION AND VENUE

8. Pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, the Court has subject matter jurisdiction over this action because it involves federal questions regarding the deprivation of Plaintiff's rights under the FLSA.

9. This Court also has subject matter jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

10. The Court also has supplemental jurisdiction over Plaintiff's related claims arising under State law pursuant to 28 U.S.C. § 1367.

11. Venue is proper under 28 U.S.C. § 1391 because Defendants' principal place of business is located in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

12. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

### A. Yoke Hon Teng

13. Teng is a resident of New York, New York, and Defendants employed him from in or around October 2025 through on or around July 5, 2026.

14. At all relevant times, Teng was an "employee" of Defendants within the meaning of all applicable statutes and regulations.

### B. The Restaurant Enterprise

15. Defendants operate a restaurant enterprise using the following trade names at the following locations:

a. 630 9th Avenue, New York, New York 10036 ("Hanaya Omakase");

b. 332 E 9th Street, New York, New York 10003 ("Sushi Kai East Village"); and

c. 11 Barrow Street, New York, New York 10014 ("Sushi Kai West Village")

(collectively, the "Restaurants").

16. The Restaurants operate as a single integrated enterprise.

17. Specifically, the Restaurants are engaged in related activities, share common ownership and have a common business purpose.

18. The Restaurants are commonly owned and operated by Individual Defendant You Si Chen and Individual Defendant You Sheng Chen.

19. Individual Defendant You Sheng Chen is registered as a principal officer for all of

the Restaurants' liquor licenses filed with the New York State Liquor Authority.

20. Individual Defendant You Si Chen is registered as a principal officer on the liquor license filed with the New York State Liquor Authority for Hanaya Omakase.

21. The Restaurants are engaged in the same business of operating omakase restaurants in New York City.

22. Sushi Kai East Village and Sushi Kai West Village are advertised jointly on social media websites www.instagram.com/sushikainyc[1] and www.facebook.com/sushikainyc.[2]

23. The Restaurants have common décor and sell similar items, including a nearly identical à la carte menu with nearly identical à la carte pricing.

24. Supplies and employees are interchangeable among the Restaurants.

25. Back-of-House Employees have been transferred from one of the Restaurants to the others.

26. The Restaurants implement the same wage and hour policies and procedures established by Individual Defendants.

27. Individual Defendants operate the Restaurants as the business entities of the Corporate Defendants.

28. Corporate Defendant Hanaya Omakase is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 630 9th Avenue, New York, New York 10036.

29. Corporate Defendant Sushi Kai East Village is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 332 E 9th Street, New York, New York 10003.

---

[1] www.instagram.com/sushikainyc (last viewed July 31, 2026)
[2] www.facebook.com/sushikainyc (last viewed July 31, 2026)

30. Corporate Defendant Sushi Kai West Village is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 11 Barrow Street, New York, New York 10014.

31. At all relevant times, the Restaurants determined Plaintiff's, and all others' similarly situated, rates and method of payment.

32. At all relevant times, the Restaurants established, implemented, disseminated, and controlled the employment policies applicable to Plaintiff including, *inter alia,* scheduling, work allocation, task supervision, monitoring work product, payroll and other employment practices applicable to Plaintiff and all others similarly situated.

33. At all relevant times, the Restaurants maintained and exercised their power to hire, fire, discipline, and promote Plaintiff and all others similarly situated.

34. At all relevant times, the Restaurants were "employers" of Plaintiff and all others similarly situated within the meaning of all applicable statutes and regulations.

35. At all relevant times, the Restaurants engaged in interstate commerce by using equipment and material produced outside of New York or moved in interstate commerce, and had employees handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

36. By way of example, Plaintiff as well as other Back-of-House Employees were provided food products and other supplies to handle and use that originated from outside of the State of New York and/or moved in interstate commerce to perform their work.

37. Upon information and belief, at all relevant times, the Restaurants had an annual gross volume of sales in excess of $500,000.00.

**C. Individual Defendants**

38. You Si Chen and You Sheng Chen are individuals residing, upon information and belief, in the State of New York.

39. You Si Chen and You Sheng Chen own and operate Hanaya Omakase, at 630 9th Avenue, New York, New York 10036, Sushi Kai East Village, at 332 E 9th Street, New York, New York 10003, and Sushi Kai West Village, at 11 Barrow Street, New York, New York 10014.

40. At all relevant times, You Si Chen and You Sheng Chen controlled and directed the terms of employment and compensation of Plaintiff and all others similarly situated.

41. At all relevant times, You Si Chen and You Sheng Chen maintained and exercised their power to hire, fire, promote, and discipline Plaintiff and all others similarly situated.

42. At all relevant times, You Si Chen and You Sheng Chen maintained control, oversight, and direction of Plaintiff and all similarly situated persons, including, *inter alia*, scheduling, work allocation, task supervision, monitoring work product, payroll, and other employment practices applicable to Plaintiff and all others similarly situated.

43. At all relevant times, You Si Chen and You Sheng Chen determined Plaintiff's and all others' similarly situated rates and method of payment.

44. At all relevant times, You Si Chen and You Sheng Chen were "employers" of Plaintiff and all others similarly situated within the meaning of all applicable statutes and regulations.

## FACTS

**A. Background**

45. As detailed above, You Si Chen and You Sheng Chen commonly own and operate omakase restaurants in New York, New York, named "Hanaya Omakase," "Sushi Kai East Village," and "Sushi Kai West Village."

46. Defendants serve omakase to customers throughout New York City.

47. Defendants employ a staff of approximately 15 to 20 employees at any given time, approximately 9 of whom are Back-of-House Employees.

48. Back-of-House Employees at the Restaurants (including kitchen assistants and cooks) are responsible for purchasing supplies, assisting in food preparation, cleaning uniforms and linens, carrying out general kitchen cleaning tasks, and cooking.

49. Defendants schedule Plaintiff and other similarly situated Back-of-House Employees to work six days a week for a total of 54 to 72 hours per week.

50. More specifically, Plaintiff worked six shifts from Tuesday to Sunday, from 12:00 p.m. to 1:00 p.m., until between 10:00 p.m. and 12:00 a.m., amounting to 54 to 72 hours per week.

**B. <u>Failure to Pay Minimum, Overtime, and Spread of Hours Wages</u>**

51. Defendants engaged in a pattern and practice of deliberately denying Back-of-House Employees minimum and overtime wages.

52. Defendants systematically denied Plaintiff and all other Back-of-House Employees wages in several ways.

53. First, Defendants routinely paid Plaintiff at rates that are well below the applicable State minimum wage rates.

54. Throughout the relevant time period, based on Plaintiff's observations and conversations with other Back-of-House Employees at the Restaurants, all other Back-of-House Employees were routinely paid at rates that are well below the State minimum wage rates.

55. Specifically, throughout the relevant time period, Defendants compensated Plaintiff and all other Back-of-House Employees at a fixed rate per workweek ***regardless*** of actual hours worked.

56. Defendants routinely failed to pay Back-of-House Employees at the applicable State minimum wage rate, or any minimum wage rate at all, and instead ***only*** compensated them through a fixed weekly rate.

57. Defendants' practice resulted in Plaintiff and all other Back-of-House Employees being paid well below the State minimum wage rates for 54 to 72 hours of work each week.

58. This unlawful compensation scheme was communicated to Plaintiff and all other Back-of-House Employees and carried out by Defendants directly.

59. Second, Defendants maintained an intentional practice of never paying Plaintiff at a rate of one and one-half times the applicable minimum wage rate for any of his hours worked in excess of 40 hours in a workweek.

60. Based on Plaintiff's observations and conversations with other Back-of-House Employees at the Restaurants, all other Back-of-House Employees were not paid one and one-half times their regular rates of pay for any hours worked in excess of 40 hours in a workweek.

61. In other words, Defendants completely denied Plaintiff and all other Back-of-House Employees all overtime compensation for the 14 to 32 hours of overtime they worked each week.

62. Third, Defendants did not provide Plaintiff with "spread of hours pay"—i.e., an additional hour of pay at the applicable State minimum wage rate on each day during which the length of interval between the beginning and end of an employee's workday exceeds 10 hours—when he worked more than 10 hours a day.

63. Based on Plaintiff's observations and conversations with other Back-of-House Employees at the Restaurants, Back-of-House Employees were never paid spread of hours pay.

**C. <u>Failure to Provide Notices of Pay Rate and Accurate Wage Statements</u>**

64. The NYLL requires that employers, including Defendants, provide employees, "at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances . . . ; the regular pay day designated by the employer; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary[,]" which is commonly referred to as a Notice of Pay Rate.

65. Throughout the statutory period, Defendants never provided Back-of-House Employees with Notices of Pay Rate.

66. The NYLL also requires that employers, including Defendants, provide Back-of-House Employees with accurate wage statements with each payment of wages.

67. Defendants never furnished Back-of-House Employees with accurate wage statements during the statutory period.

68. In fact, Defendants engaged in a consistent pattern and practice of failing to furnish Back-of-House Employees with any wage statements at all.

69. Based on Plaintiff's direct observations and conversations with other Back-of-House Employees, Defendants failed to provide other Back-of-House Employees with Notices of Pay Rate and wage statements.

70. As a result of Defendants' failure to provide Back-of-House Employees with Notices of Pay Rate and accurate wage statements with each payment of wages, Back-of-House

Employees have suffered concrete harm.

71. Specifically, Back-of-House Employees have been prevented from, *inter alia*: (i) realizing their true hours worked; (ii) realizing that they were underpaid; and (iii) taking appropriate action to obtain the payments due to them.

**D. Plaintiff Yoke Hon Teng**

**i. Background**

72. Teng worked at Hanaya Omakase as a kitchen assistant from in or around October 2025 through on or around July 5, 2026.

73. Teng's duties as a kitchen assistant included, *inter alia*: (i) purchasing supplies; (ii) assisting in food preparation; (iii) preparing lunch for restaurant employees; (iv) cleaning uniforms and linens; (v) carrying out cleaning tasks including washing dishes and mopping.

74. From in or around October 2025 through on or around July 5, 2026, Teng typically worked six days a week, Tuesday through Sunday, from approximately 12:00 p.m. or 1:00 p.m. until between 10:00 p.m. and 12:00 am.

75. During this time, Teng consistently worked approximately 54 to 72 hours per week.

**ii. Wage Violations**

76. From approximately October 2025 through in or around November 2025, Defendants paid Teng a fixed salary of $600.00 per workweek, in cash, for working 54 to 72 hours per week.

77. This resulted in Defendants paying Teng well below the applicable State minimum wage rates for all hours worked.

78. Moreover, despite Teng working six shifts per week, with multiple shifts exceeding 10 hours in length, Defendants never paid Teng any spread of hours compensation for any such

shifts.

79. Further, Defendants never paid Teng one and one-half times the applicable State minimum wage rate for any hours worked in excess of 40 hours in a workweek.

80. From approximately November 2025 through in or around December 2025, Defendants paid Teng a fixed salary of $660.00 per workweek, through Zelle payments, for working 54 to 72 hours per week.

81. Lastly, from approximately December 2025 through in or around July 5, 2026, Defendants paid Teng a fixed salary of $720.00 per workweek, through Zelle payments, for working 54 to 72 hours per week.

82. Throughout the statute of limitations period, Defendants continued to withhold spread of hours pay for all shifts that Teng worked and never paid any overtime compensation for the hours he worked in excess of 40 hours in a workweek.

83. By way of example, from October 14, 2025 through October 20, 2025, Teng worked approximately 60 hours (over the course of six shifts in which 2 shifts exceeded 10 hours in length) and received $600.00 in cash for all hours worked.

84. For this week alone, Defendants failed to pay Teng an additional $60.00 in minimum wages,[3] $33.00 in spread of hours pay,[4] and $495.00 in overtime wages[5]—for a total of $588.00 in unpaid wages.

85. On or around July 5, 2026, Defendants terminated Teng's employment.

86. To this day, Defendants have failed to pay Teng all compensation owed for his last week worked.

---

[3] 40 hours x $16.50 (minimum wage) = $660.00; $660.00-$600.00 = $60.00.
[4] 2 hours x $16.50 (spread of hours) = $33.00.
[5] 60 hours – 40 hours = 20 hours; $16.50 x 1.5 = $24.75 (overtime premium); 20 hours x $24.75 = $495.00.

87. Defendants never provided Teng with a Notice of Pay Rate.

88. Defendants never provided Teng with accurate wage statements.

89. In fact, Defendants never provided Teng with any wage statements at all.

90. As a result of Defendants' failure to provide Teng with a Notice of Pay Rate or accurate wage statements with each payment of his wages, Defendants prevented Teng from, *inter alia*: (i) realizing his true hours worked; (ii) realizing that he was underpaid; and (iii) taking appropriate action to obtain the payments due to him.

**<u>FLSA COLLECTIVE ACTION ALLEGATIONS</u>**

91. Plaintiff brings this action, in part, as a collective action under the FLSA and applicable regulations thereunder.

92. Plaintiff seeks to maintain claims, pursuant to FLSA § 216(b), on behalf of himself and all other Back-of-House Employees who have been employed by Defendants at any time during the full statute of limitations period (the "FLSA Collective").

93. At all relevant times, Plaintiff and the FLSA Collective were subject to Defendants' practices of failing to compensate them at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

94. Throughout the full statute of limitations period, Defendants have been fully aware of the duties performed by Plaintiff and the FLSA Collective, and that those duties were not exempt from the provisions of the FLSA.

95. Defendants' violations of the FLSA have been willful, repeated, knowing, intentional, and without a good faith basis, and have significantly damaged Plaintiff and the FLSA Collective.

96. As a result of Defendants' conduct, they are liable to Plaintiff and the FLSA Collective for the full amount of their unpaid wages with interest, an additional equal amount as

liquidated damages, plus the attorneys' fees and costs incurred by Plaintiff and the FLSA Collective.

97. While the exact number of the FLSA Collective is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are approximately 30-40 other similarly situated persons who were employed by Defendants during the full statute of limitations period.

98. Plaintiff is currently unaware of the identities of the members of the FLSA Collective.

99. Accordingly, Defendants should be required to provide Plaintiff with a list of all persons employed by Defendants during the full statute of limitations period, along with their last known addresses, telephone numbers, and email addresses, so Plaintiff can give the members of the FLSA Collective notice of this action and an opportunity to make an informed decision about whether to participate in it.

## CLASS ACTION ALLEGATIONS

100. Pursuant to FRCP 23, Plaintiff brings this action, in part, as a class action under the NYLL and applicable regulations thereunder.

### A. Class Definition

101. Plaintiff seeks to maintain claims, on behalf of himself and a class of all other Back-of-House Employees who have been employed by Defendants at any time during the full statute of limitations period (the "NYLL Class").

102. Plaintiff alleges, on behalf of himself and the NYLL Class, that Defendants violated the NYLL by, *inter alia*: (i) failing to pay Plaintiff and the NYLL Class at or above the applicable State minimum wage rate for all hours worked; (ii) failing to compensate Plaintiff and the NYLL Class at one and one-half times their regular rate of pay (or the applicable State minimum wage

rate) for all hours worked in excess of 40 hours in a workweek; (iii) failing to provide Notices of Pay Rate; (iv) failing to furnish accurate wage statements; and (v) failing to compensate Plaintiff and the NYLL Class spread of hours pay for shifts in excess of 10 hours in a day.

103. Plaintiff has standing to seek such relief on behalf of the NYLL Class because Defendants' unlawful practices have adversely affected him individually and as a group.

104. The unlawful practices described herein are part of Defendants' normal course of conduct.

105. The claims brought pursuant to the NYLL may be pursued by all similarly situated persons who do not opt out of the NYLL Class, pursuant to FRCP 23.

**B. Numerosity and Impracticability of Joinder**

106. The members of the NYLL Class are so numerous that joinder of all members is impracticable.

107. While the exact number of the members of the NYLL Class is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are approximately 50-60 members of the NYLL Class.

108. Therefore, the numerosity requirement of FRCP 23(a)(1) is satisfied.

**C. Common Questions of Law and Fact**

109. Common questions of law and fact, the answers to which will meaningfully advance this litigation, exist as to the NYLL Class.

110. These common questions predominate over any questions only affecting the members of the NYLL Class individually.

111. Indeed, there are few, if any, purely individual issues in this action.

112. The questions of law and fact that are common to Plaintiff and the NYLL Class

include, without limitation:

(a) Whether Defendants employed Plaintiff and the NYLL Class within the meaning of the New York Labor Law;

(b) Whether Defendants failed to pay Plaintiff and the NYLL Class at or above the applicable State minimum wage;

(c) Whether Defendants failed to pay Plaintiff and the NYLL Class the overtime rate for all hours worked in excess of 40 hours in a workweek;

(d) Whether Defendants failed to provide Plaintiff and the NYLL Class with Notices of Pay Rate;

(e) Whether Defendants failed to furnish accurate wage statements to Plaintiff and the NYLL Class;

(f) Whether Defendants failed to compensate Plaintiff and the NYLL Class with spread of hours pay or an additional hour of pay at the applicable State minimum wage rate on each day where the length of interval between the beginning and end of workday exceeded 10 hours;

(g) Whether Plaintiff and the NYLL Class are entitled to liquidated damages and injunctive relief.

113. Therefore, the common question requirement of FRCP 23(a)(2) is satisfied.

**D. <u>Typicality of Claims and Relief Sought</u>**

114. Plaintiff's claims are typical of the claims of the NYLL Class members they seek to represent.

115. Plaintiff and the NYLL Class work, or have worked, for Defendants and are, or were, subject to the same compensation policies and practices.

116. The wage practices suffered by Plaintiff, and the damages resulting therefrom, are typical of Defendants' treatment of Back-of-House Employees generally, and of the NYLL Class specifically.

117. Therefore, the typicality requirement of FRCP 23(a)(3) is satisfied.

**E. <u>Adequacy of Representation</u>**

118. Plaintiff will fairly and adequately protect the interests of the NYLL Class because his interests are coextensive and aligned with those of the NYLL Class members.

119. Plaintiff has no interests adverse to the NYLL Class he seeks to represent.

120. Plaintiff is willing and able to represent the NYLL Class as fairly and vigorously as he pursues his similar individual claims.

121. Plaintiff has retained counsel who are competent, qualified, and experienced in employment class action litigation.

122. Plaintiff's counsel is able to meet the demands necessary to litigate a class action of this size and complexity.

123. The combined interests, experience, and resources of Plaintiff and his counsel to competently litigate the individual and NYLL Class claims at issue in the instant action satisfy the adequacy of representation requirement of FRCP 23(a)(4).

**F. <u>Requirements of FRCP 23(b)(1)</u>**

124. Without certification of the NYLL Class, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.

125. Accordingly, certification of the NYLL Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiff

and the NYLL Class.

126. By filing this Complaint, Plaintiff is preserving the rights of the NYLL Class with respect to the statute of limitations on their claims.

127. Therefore, not certifying the NYLL Class would substantially impair and/or impede the remaining members' ability to protect their interests.

**G. <u>Requirements of Rule 23(b)(2)</u>**

128. Defendants acted on grounds, described herein, generally applicable to Plaintiff and the NYLL Class by denying them minimum and overtime wages, spread of hours pay, failing to furnish proper Notices of Pay Rate and/or accurate wage statements.

129. These acts are not sporadic or isolated and support the request for final injunctive and declaratory relief with respect to Plaintiff and the NYLL Class as a whole.

130. Declaratory and injunctive relief flow directly and automatically from proof of the common questions of law and fact at issue in this action.

131. Declaratory and injunctive relief are the factual and legal predicates for Plaintiff's and the NYLL Class' entitlement to monetary and non-monetary remedies for such wage violations.

132. Accordingly, injunctive and declaratory relief are among the predominant forms of relief sought in this case.

**H. <u>Requirements of FRCP 23(b)(3)</u>**

133. The common issues of fact and law affecting Plaintiff's claims and those of the NYLL Class—including, without limitation, the common issues identified *in the paragraphs above*—predominate over issues affecting only individual claims.

134. A class action is superior to other available means for the fair and efficient

adjudication of Plaintiff's claims and those of the NYLL Class.

135. The cost of proving Defendants' pattern and practice of denying minimum, overtime, and other wages makes it impractical for the members of the NYLL Class to pursue their claims individually.

136. This class action will not be difficult to manage for reasons including, without limitation: (i) the discrete organizational nature of all members of the NYLL Class (they must have worked for Defendants as Back-of-House Employees during the statutory period); and (ii) the common questions of law and fact described in the paragraphs above.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE FLSA: FAILURE TO PAY OVERTIME**
***(On Behalf of Plaintiff and the FLSA Collective)***

137. Plaintiff, on behalf of himself and the FLSA Collective, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

138. During the full statutory period, Plaintiff and the FLSA Collective were protected by the provisions of the FLSA, 29 U.S.C. §§ 201, *et seq.*, and applicable regulations thereunder.

139. The FLSA requires covered employers, including Defendants, to pay Plaintiff and the FLSA Collective at a rate not less than one and one-half times their regular rate of pay (and not less than one and one-half times the federal minimum wage rate) for all hours worked in excess of 40 hours in a workweek.

140. Plaintiff and the FLSA Collective are not exempt from the requirement their employers pay them overtime under the FLSA, and they are entitled to be paid overtime by Defendants for all hours worked in excess of 40 hours in a workweek during the full statute of limitations period.

141. Throughout the full statute of limitations period, Defendants engaged in a policy

and practice of failing to compensate Plaintiff and the FLSA Collective at the required overtime rate for time spent working in excess of 40 hours in a workweek.

142. As a result of Defendants' failure to pay overtime compensation to Plaintiff and the FLSA Collective, Defendants have violated the FLSA and/or applicable regulations thereunder.

143. Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the FLSA Collective in accordance with the FLSA and/or applicable regulations thereunder.

144. Defendants' violations of the FLSA have significantly damaged Plaintiff and the FLSA Collective and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE NYLL: FAILURE TO PAY MINIMUM WAGE**
***(On Behalf of Plaintiff and the NYLL Class)***

145. Plaintiff, on behalf of himself and the NYLL Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

146. During the full statutory period, Plaintiff and the NYLL Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, and 650, *et seq.*, as well as all applicable regulations thereunder.

147. The NYLL requires covered employers, including Defendants, to compensate Plaintiff and the NYLL Class at a rate not less than the applicable State minimum wage for all hours worked under 40 hours in a workweek.

148. Plaintiff and the NYLL Class were not exempt from the requirement that Defendants pay them minimum wages under the NYLL, and they are entitled to be paid minimum

wages by Defendants for all hours worked under 40 hours in a workweek during the full statute of limitations period.

149. Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of failing to compensate Plaintiff and the NYLL Class at a rate not less than the applicable State minimum wage for all hours worked under 40 hours in a workweek.

150. As a result of Defendants' failure to compensate Plaintiff and the NYLL Class at a rate not less than the applicable State minimum wage for all hours worked under 40 hours in a workweek, Defendants have violated the NYLL and/or applicable regulations thereunder.

151. Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the NYLL Class in accordance with the NYLL.

152. Defendants' violations of the NYLL have significantly damaged Plaintiff and the NYLL Class and entitle them to recover the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

## THIRD CAUSE OF ACTION
## VIOLATIONS OF THE NYLL: FAILURE TO PAY OVERTIME WAGES
***(On Behalf of Plaintiff and the NYLL Class)***

153. Plaintiff, on behalf of himself and the NYLL Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

154. During the full statutory period, Plaintiff and the NYLL Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, and 650, *et seq.*, as well as all applicable regulations thereunder.

155. The NYLL requires covered employers, including Defendants, to compensate employees at a rate not less than one and one-half times the applicable State minimum wage rates for all hours worked in excess of 40 hours in a workweek.

156. Plaintiff and the NYLL Class were not exempt from the requirement that Defendants pay them overtime under the NYLL, and they are entitled to be paid overtime by Defendants for all hours worked in excess of 40 hours in a workweek during the full statute of limitations period.

157. Throughout the full statute of limitations period, Defendants engaged in a policy and practice of failing to compensate Plaintiff and the NYLL Class at a rate not less than one and one-half times the applicable State minimum wage rates for all hours worked in excess of 40 hours in a workweek.

158. As a result of Defendants' failure to pay overtime compensation to Plaintiff and the NYLL Class, Defendants have violated the NYLL and/or applicable regulations thereunder.

159. Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the NYLL Class, in accordance with the NYLL.

160. Defendants' violations of the NYLL have significantly damaged Plaintiff and the NYLL Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**VIOLATIONS OF THE NYLL: SPREAD OF HOURS PAY**
***(On Behalf of Plaintiff and the NYLL Class)***

161. Plaintiff, on behalf of himself and the NYLL Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

162. During the full statutory period, Plaintiff and the NYLL Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, and 650, *et seq.*, as well as all applicable regulations thereunder, including, without limitation, the Hospitality Industry Wage

Order, 12 N.Y.C.R.R. § 146-1.1, *et seq*.

163. The NYLL and/or applicable regulations thereunder require employers, including Defendants, to furnish each of their employees one additional hour of pay at the basic minimum wage rate on each day during which the length of the interval between the beginning and end of the employee's workday, or "spread of hours," exceeds 10 hours.

164. Plaintiff and the NYLL Class were not exempt from the requirement that Defendants provide them with spread of hours pay.

165. Throughout the full statute of limitations period, Defendants engaged in a policy and practice of unlawfully failing to provide spread of hours pay to Plaintiff and the NYLL Class.

166. As a result of Defendants' failure to furnish spread of hours pay to Plaintiff and the NYLL Class, Defendants have violated, *inter alia*, the NYLL and/or applicable regulations thereunder.

167. Defendants' violations of the NYLL have significantly damaged Plaintiff and the NYLL Class and entitle them to recover the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**
**VIOLATIONS OF THE NYLL: NOTICES OF PAY RATE**
***(On Behalf of Plaintiff and the NYLL Class)***

168. Plaintiff, on behalf of himself and the NYLL Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

169. During the full statutory period, Plaintiff and the NYLL Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq*., as well as all applicable regulations thereunder.

170. The NYLL requires covered employers, including Defendants, to provide Back-of-House Employees, "at the time of hiring, a notice containing the following information: the rate

or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances . . . ; the regular pay day designated by the employer; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary," which is commonly referred to as a Notice of Pay Rate. NYLL § 195(1)(a).

171. Plaintiff and the NYLL Class were not exempt from the requirement that Defendants provide them with Notices of Pay Rate.

172. Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of unlawfully failing to provide Notices of Pay Rate to Plaintiff and the NYLL Class.

173. As a result of Defendants' failure to provide Notices of Pay Rate to Plaintiff and the NYLL Class, Defendants have violated, *inter alia*, NYLL § 195.

174. Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to provide proper notices to Plaintiff and the NYLL Class in accordance with the NYLL.

175. Further, due to Defendants' failure to provide proper Notices of Pay Rate, Plaintiff and the NYLL Class have suffered concrete harm.

176. Specifically, Plaintiff and the NYLL Class have been prevented from, *inter alia*: (i) realizing their true hours worked; (ii) realizing that they were underpaid; and (iii) taking appropriate action to obtain the payments due to them.

177. Defendants' violations of the NYLL have significantly damaged Plaintiff and the NYLL Class and entitle them to recover $50.00 for each workday the violation occurred, not to exceed $5,000, plus attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**
**VIOLATIONS OF THE NYLL: ACCURATE WAGE STATEMENTS**
***(On Behalf of Plaintiff and the NYLL Class)***

178. Plaintiff, on behalf of himself and the NYLL Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

179. During the full statutory period, Plaintiff and the NYLL Class were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, as well as all applicable regulations thereunder.

180. The NYLL requires covered employers, including Defendants, to "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage . . . ; and net wages." NYLL § 195(3).

181. Plaintiff and the NYLL Class were not exempt from the requirement that Defendants provide them with proper wage statements.

182. Throughout the full statute of limitations period, Defendants engaged in a policy and practice of unlawfully failing to furnish accurate wage statements to Plaintiff and the NYLL Class.

183. As a result of Defendants' failure to furnish accurate wage statements to Plaintiff and the NYLL Class, Defendants have violated, *inter alia*, NYLL § 195.

184. Defendants have acted willfully and deliberately in maintaining an intentional

practice of failing to furnish proper wage statements to Plaintiff and the NYLL Class in accordance with the NYLL.

185. Further, due to Defendants' failure to provide wage statements, Plaintiff and the NYLL Class have suffered concrete harm.

186. Specifically, Plaintiff and the NYLL Class have been prevented from, *inter alia*: (i) realizing their true hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves by taking appropriate action to obtain the payments due to them.

187. Defendants' failure to provide Plaintiff and the NYLL Class with proper wage statements not only hindered Plaintiff and the NYLL Class from realizing their rights at the time of payment, but also injured them by enabling the actual underpayment and untimely payment of their wages, necessitating this action.

188. Defendants' violations of the NYLL have significantly damaged Plaintiff and the NYLL Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, $250 for each workday the violation occurred, not to exceed $5,000, plus attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION
## VIOLATIONS OF THE NYLL: FAILURE TO PAY ALL WAGES OWED
***(On Behalf of Plaintiff)***

189. Plaintiff hereby repeats and realleges the foregoing allegations as if set forth fully herein.

190. During the full statutory period, Plaintiff was protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, and 650, *et seq.*, as well as all applicable regulations thereunder.

191. The NYLL requires covered employers, including Defendants, to compensate Plaintiff at his established regular rate of pay for all hours worked in a workweek.

192. Plaintiff was not exempt from the requirement and is entitled to be paid by Defendants at his established regular rate of pay for all hours worked in a workweek, during the full statute of limitations period.

193. Throughout the full statute of limitations period, Defendants have engaged in a common policy and practice of failing to pay Plaintiff at his established regular rate of pay for all hours worked.

194. As a result of Defendants' failure to compensate Plaintiff at his established regular rate of pay (or one and one-half times his established regular rate) for all hours worked, Defendants have violated the NYLL and/or applicable regulations thereunder.

195. Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff in accordance with the NYLL.

196. Defendants' violations of the NYLL have significantly damaged Plaintiff and entitle him to recover damages to the greatest extent permitted by law, including, *inter alia*, the total amount of his unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

**EIGHTH CAUSE OF ACTION**
**VIOLATIONS OF THE NYLL: FAILURE TO TIMELY PAY FINAL WAGES**
***(On Behalf of Plaintiff)***

197. Plaintiff hereby repeats and realleges the foregoing allegations as if set forth fully herein.

198. During the full statutory period, Plaintiff was protected by the provisions of the NYLL, N.Y. Lab. Law §§ 190, *et seq.*, as well as all applicable regulations thereunder.

199. The NYLL requires covered employers, including Defendants, to pay an employee's final wages upon termination: "not later than the regular pay day for the pay period during which the termination occurred, as established in accordance with the provisions of this

section. If requested by the employee, such wages shall be paid by mail." NYLL § 191(3).

200. Defendants terminated Plaintiff's employment and failed to pay Plaintiff his final week of wages earned not later than his regular pay period during which the termination occurred, and still has not paid Plaintiff those wages earned, in violation of NYLL § 191(3).

201. Defendants have acted willfully and deliberately in failing to compensate Plaintiff in accordance with the NYLL.

202. Defendants' violations of the NYLL have significantly damaged Plaintiff and entitle him to recover damages to the greatest extent permitted by law, including, *inter alia*, the total amount of his unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective, and the NYLL Class, respectfully requests that the Court:

A. Declare that the practices complained of herein are unlawful under applicable federal and State law;

B. Grant an injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C. Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216(b), and direct Defendants to provide Plaintiff with a list of all members of the FLSA Collective, including all last known addresses, telephone numbers, and email addresses of each such person, so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

D. Declare this action to be maintainable as a class action pursuant to FRCP 23, and

direct Defendants to provide Plaintiff with a list of all members of the NYLL Class, including all last known addresses, telephone numbers, and email addresses of each such person, so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

E. Designate Plaintiff as the representative of the FLSA Collective, and his counsel of record, Faruqi & Faruqi, LLP, as counsel for the FLSA Collective;

F. Designate Plaintiff as the representative of the NYLL Class, and his counsel of record, Faruqi & Faruqi, LLP, as class counsel;

G. Determine the damages sustained by Plaintiff and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiff and the FLSA Collective, plus such pre-judgment and post-judgment interest as may be allowed by law;

H. Determine the damages sustained by Plaintiff and NYLL Class as a result of Defendants' violations of the NYLL, and award those damages against Defendants and in favor of Plaintiff and the NYLL Class, plus such pre-judgment and post-judgment interest as may be allowed by law;

I. Grant Plaintiff, the FLSA Collective, and the NYLL Class an award of liquidated damages in an amount to be determined at trial;

J. Award Plaintiff all appropriate relief pursuant to his individual claims under the NYLL;

K. Grant Plaintiff, the FLSA Collective, and the NYLL Class an award of reasonable attorneys' fees to the greatest extent permitted by law;

L. Grant Plaintiff, the FLSA Collective, and the NYLL Class an award of reasonable

costs and expenses that they have incurred in this action, including, without limitation, filing fees;

M. Grant Plaintiff, the FLSA Collective, and the NYLL Class all other available damages to the greatest extent permitted by law; and

N. Grant such other and further relief that the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself, the FLSA Collective, and the NYLL Class, hereby demands a trial by jury on all issues of fact and damages.

Dated: September 14, 2026

**FARUQI & FARUQI, LLP**

By: *[/s/ Innessa M. Huot]*
Innessa M. Huot
Alexa N. Salazar
685 Third Avenue, 26th Floor
New York, New York 10017
Tel: 212-983-9330
Fax: 212-983-9331
ihuot@faruqilaw.com
asalazar@faruqilaw.com

*Attorneys for Plaintiff, the Proposed FLSA Collective, and the Proposed NYLL Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YOKE HON TENG, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HANAYA OMAKASE INC. d/b/a HANAYA OMAKASE, 332 SUSHI KAI LLC d/b/a SUSHI KAI EAST VILLAGE, 11 SUSHI KAI INC. d/b/a SUSHI KAI WEST VILLAGE, YOU SI CHEN, and YOU SHENG CHEN,<br><br>Defendants. | Civil Case No.: 26-cv-8004<br><br>**CONSENT TO SUE** |

I, Yoke Hon Teng, was employed by Defendants within the last three years and am a named Plaintiff in the above-captioned action, *Teng v. Hanaya Omakase Inc., et al.*, pending in the United States Court for the Southern District of New York. I hereby consent to sue Defendants and be a party Plaintiff in this lawsuit.

I hereby appoint the law firm of Faruqi & Faruqi, LLP, located at 685 Third Avenue, 26th Floor, New York, NY 10017, telephone number (212) 983-9330, as my attorneys.

Name (Print): Yoke Hon Teng

Signature: Teng
Yoke Hon Teng (Sep 11, 2026 10:51:46 EDT)

Date: 09/11/2026